SLR:KAN
F.# 2005vo1292

FILED ORIGINAL
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEPT 7 2005 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOHN SURGENT,

                  Defendant.

- - - - - - - - - - - - - - - -X

**EX PARTE POST-INDICTMENT
POST-CONVICTION
RESTRAINING ORDER**

Criminal Action No.
04-CR-04-364 (JG)

Upon the application of ROSLYNN R. MAUSKOPF, United States Attorney for the Eastern District of New York, by Assistant U.S. Attorney Kathleen A. Nandan, of counsel, the Declaration of Consumer Fraud Analyst John S. Ellis, and pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853,

IT IS HEREBY ORDERED that:

Defendant, as well as all attorneys, agents, employees, nominees and anyone acting for or in concert with the defendant, including, but not limited to, Regina Surgent, RH Surgent LLC, Sterling Group Bank Corp., Sterling Group Bancorp., and Merrill Funding LLC, having any interest or control over the property described in Attachment A, and having actual knowledge of this Order, shall fully comply with this Order and shall not take any action prohibited by this Order; and

IT IS FURTHER ORDERED AS FOLLOWS:

1. Defendant, as well as his agents, nominees, servants, employees, attorneys, family members, and those persons with actual knowledge of this Order having any interest or control over the property described in Attachment A or being in active concert or participation with Defendant, shall not

    a. directly or indirectly alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of property described in Attachment A in any manner;

    b. cause property described in Attachment A to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

    c. take, or cause to be taken, any action which could have the effect of concealing or moving property described in Attachment A from the jurisdiction of this Court; or take or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of property described in Attachment A.

2. If any of the property described in Attachment A has been or is transferred or disposed of prior to the service of this Order, the transferors shall account in writing, within ten

(10) days of the date of this Order, to the Court and counsel for the United States for the disposition and location of the property.

3. All financial institutions, brokerage houses, or stock transfer agents affected by this Order are directed to prevent and are otherwise enjoined from transferring, conveying or disposing of any of the property covered by Attachment A.

4. Any financial institution, brokerage house, or stock transfer agent holding any property subject to this Order shall take no offsets against such property. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order.

5. Any financial institution, brokerage house, or stock transfer agent that holds any property identified in Attachment A shall, immediately upon receipt of this Order, inform the government agents or contractors who serve copies of the Order of the balances as of the date of service of this Order (including number of shares and share certificates held, the identity of the registered owner, and the identify of the beneficial owner), and shall thereafter supplement such information by reporting to the Government any changes to the accounts, and by responding

promptly to requests by the Government for information on the accounts' current status.

6. Defendant shall advise the Court within ten (10) days of the date of this Order of the number of shares in Safeguard Security Holdings, Inc. in which he has an ownership interest, the name in which those shares are registered, and the location of the share certificates.

7. The securities identified in Attachment A may be liquidated by the account holder of such assets or the United States, provided that all proceeds of any such liquidation are placed in a separate interest bearing account at the institution where the liquidated asset had been held or in an interest bearing account maintained by the United States Marshals Service, and that such interest bearing account shall continue to be subject to this Restraining Order.

8. Service of this Order upon defense counsel and any financial institution, brokerage house, or stock transfer agent may be made by facsimile, provided that a hard copy is thereafter served by regular mail, overnight mail or personal service.

9. This Order shall remain in effect until further order of the Court or until the Court modifies the Order as appears necessary in the interests of justice and consistent with the purposes of 18 U.S.C. § 982.

10. Any person or entity who violates or assists in any violation of this Order shall be subject to all appropriate penalties, including, but not limited to, contempt of Court.

Dated: Brooklyn, New York
August 25, 2005

2:30 pm

SO ORDERED:

s/John Gleeson
United States District Judge

## ATTACHMENT A

The property and other interests hereby restrained include all right, title and interest of the Defendant in the following:

Any and all shares of Safeguard Security Holdings, Inc. (including its predecessor and composite entities, such as Superior Protection Services Co., Masterslink Communications, Inc., and IQUE International Property, Inc.) in which JOHN SURGENT has an ownership interest, including, but not limited to, shares held by or registered to Regina Surgent, RH Surgent LLC, Sterling Group Bank Corp., Sterling Group Bancorp., and Merrill Funding LLC and all proceeds traceable thereto.