THE LAW OFFICES OF

# STEVEN L. KESSLER

January 23, 2006

**ELECTRONICALLY FILED**
<u>**COURTESY COPY BY FACSIMILE**</u>

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *United States v. John Surgent*
                <u>**CR-04-364 (Gleeson, J.)**</u>

Dear Judge Gleeson:

      This office represents non-party Regina Surgent in the above proceeding, and submits this letter in response to plaintiff's correspondence to the Court filed late Friday, January 20, 2006. Plaintiff seeks leave to file additional papers in response to Ms. Surgent's Reply Memorandum submitted last week in further support of her motion to vacate or modify the *ex parte* restraining order in this case.

      Plaintiff has failed to adduce a valid substantive basis for burdening the Court with further papers. Its first contention, that two recent cases from the Court of Appeals for the First Circuit and the District Court for the Eastern District of New York warrant additional briefing, is without merit. Neither case even addresses, let alone resolves, the only legal issue before this Court: whether the government may validly restrain specific property belonging to a third party in a money laundering case where it seeks only a money judgment forfeiture, not the forfeiture of any specific property. Accordingly, while the Court is obviously free to take these and any other decisions into account in ruling on Ms. Surgent's motion, there is no need for more paper explaining why these cases are good for the parties' respective clients.

*The Honorable John Gleeson*                                                                                                    *- page 2 -*
*January 23, 2006*

     In Ms. Surgent's view, the second page of plaintiff's letter reveals the true motive behind its communication with the Court: to obtain leave to file a sur-reply on the All Writs Act. Incredibly, plaintiff contends that "neither party has briefed these issues . . .." In fact, the All Writs Act was *plaintiff*'s argument, raised in its opposition. Ms. Surgent merely responded to it in her reply, noting that the Second Circuit rejected plaintiff's argument five months ago in *United States v. Razmilovic*, 419 F.3d 134 (2d Cir. 2005). The issue was therefore briefed; plaintiff simply does not like the note on which it ended.

     Moreover, Ms. Surgent does not see what purpose further briefing would serve. Plaintiff does not, and cannot, claim that the Second Circuit's finding is anything less than controlling in this Court. Instead, plaintiff seeks to peer *behind* the Court of Appeals' decision and demonstrate that its reliance on *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308 (1999), is misplaced. The venue for such a challenge, however, is on *certiorari* in the *Razmilovic* case itself, not collaterally to this Court.

     Therefore, Ms. Surgent respectfully opposes plaintiff's application, as it would serve no useful purpose but to further delay the resolution of her motion. As Ms. Surgent is currently selling furniture and other items to feed her children, she cannot agree to any further briefing unless the government agrees to release restrained property in the interim. Short of that, plaintiff's application should be denied and Ms. Surgent's motion should be resolved without additional briefing or delay.

                                           Respectfully submitted,

                                           *Steven L. Kessler*

                                           Steven L. Kessler (SK-0426)

SLK:rmaf
cc: AUSA Kathleen A. Nandan *(by facsimile)*

THE CHANIN BUILDING   122 EAST 42ND STREET   NEW YORK, NEW YORK 10168-0699   TEL: 212-661-1500   FAX: 212-297-0777
WWW.KESSLERONFORFEITURE.COM   E-mail: KESSLERONFORFEITURE@MSN.COM