Case 1:04-cr-00364-JG   Document 132   Filed 03/09/2006   Page 1 of 4

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ MAR 22 2006 ★

BROOKLYN OFFICE

# DAVID H. WEISS
ATTORNEY AT LAW

41 MADISON AVENUE, SUITE 4000
NEW YORK CITY, NEW YORK 10010
(212) 633-0124 FAX (212) 743-8120

March 9, 2006

By Mail and ECF

Hon. John Gleeson, USDJ
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. John W. Surgent
04 Cr 364 (JG)

Dear Judge Gleeson:

> [Handwritten endorsement:]
> The application to employ the services of a paralegal is granted. His or her hours and hourly rate will be subject to reasonableness review, as will the hours of Mr. Weiss. Interim payment seems unnecessary, as a final voucher will be filed (or fileable, if that's a word) on April 14, 2006, when the defendant is sentenced. That application is thus denied. So ordered.
>
> s/John Gleeson
> USDJ
> 3-17-06

I write in support of the enclosed interim request for payment pursuant to the Criminal Justice Act and to inform the Court of the general direction that I intend to take with respect to Mr. Surgent's sentencing.

To date I have devoted almost 120 hours of my time to Mr. Surgent's case. While this may appear excessive at first glance, I wish to reassure the Court that all of the time that I have spent was necessary to provide Mr. Surgent with competent representation in this matter. As the Court is aware, Mr. Surgent's case involves complex issues of fact and law relating to securities fraud, money laundering, forfeiture, and sentencing. I have interviewed a number of present and former AUSAs with respect to Mr. Surgent and also regarding some of the facts and outcomes in United States v. Piccinnini, et al., United States v. Gaito, and United States v. Jordan Belfort, among other matters with which the Court is familiar. I am confident that the time that I have spent will conserve judicial resources and taxpayer dollars in the long run.

At this time it is my intention to ask the Court to sentence Mr. Surgent to a term of imprisonment not to exceed approximately four years, with severe restrictions and close supervision on his post release conduct. My request, to be made in a formal sentencing memorandum as soon as practicable, will be based in part on a comparative analysis of similarly situated offenders and Mr. Surgent's background and role sufficient to comply with the purposes set forth in 18 USC 3553. The government may not agree with me, and the Court may already have some general idea of what punishment may be necessary and appropriate, but I am hopeful that I can persuade the Court that our request is sensible and merited.

Finally, I most respectfully request authorization to retain the services of a paralegal to

assist in preparation for sentencing and other relief. I do not anticipate utilizing the paralegal's services for more than fifteen to twenty hours.

Thank you for your consideration of my requests.

Yours,

David H. Weiss, Esq.

cc by ECF to AUSA Suzanne McDermott

```
UNITED DISTRICT STATES COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,        :   Docket No. CR 04-364 (JG)

            Appellee,            :
                                     DECLARATION    IN    SUPPORT
                                 :   OF CLAIM FOR PAYMENT
      -against-                      PURSUANT TO CRIMINAL
                                 :   JUSTICE ACT

JOHN SURGENT,                    :

            Defendant             :
-------------------------------X
```

DAVID H. WEISS, an attorney duly admitted to practice law in the Courts of New York and in this Court, under penalty of perjury, hereby affirms that

1. By order dated January 25, 2006, was appointed pursuant to the Criminal Justice Act to represent John Surgent. I submit this voucher and the annexed declarations in support of my request for interim payment for services and expenses from the date of my appointment through March 9, 2006.

2. I certify I spent 2.5 hours in court and 117.9 hours out of court, that all of the time claimed was actually spent, that the time spent was necessary and appropriate in representing the defendant, and that I did not spend unnecessary hours on this matter.

3. The time spent on this matter was reasonable and necessary. The defendant in this matter was the subject of a securities fraud and money laundering prosecution involving alleged investor losses of over $40,000,000. The defendant was found guilty after trial and faces substantial imporisonment.

4. The case against the defendant involves complex issues of fact and law regarding securities fraud, money laundering, forfeiture of assets, and sentencing.

5. Thus, I am entitled to reimbursement in the amount of $ 11,076.80 for professional services.

Dated:   New York, New York
         March 9, 2006                          _____
                                                    David H. Weiss