UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

..................................................

UNITED STATES OF AMERICA,                                         JUDGMENT INCLUDING
                                                                  SENTENCE
                                         FILED
                                   IN CLERK'S OFFICE
VS.                              U.S. DISTRICT COURT E.D.N.Y.  NO.  CR 04-364(S-1)-01 (JG)
                                                                  USM# 03911-054
JOHN SURGENT                       ★ MAY 17 2006 ★

..................................................        BROOKLYN OFFICE


Suzannne McDermott            Burt Sulzer                David H. Weiss, Esq.
Assistant United States Attorney   Court Reporter         Defendant's Attorney

The defendant **John Surgent** was found guilty by jury verdict of all counts of a three-count superseding indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE OF OFFENSE | COUNT NUMBERS |
|---|---|---|
| 18USC371 | CONSPIRACY TO COMMIT SECURITIES FRAUD | ONE |
| 15USC78j(b) AND 78ff | SECURITIES FRAUD | TWO |
| 18USC1956(h) | CONSPIRACY TO COMMIT MONEY LAUNDERING | THREE |

The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

__X__  The defendant is advised of his/her right to appeal within ten (10) days.
____   The defendant has been found not guilty on count(s) and discharged as to such count(s)
__X__  Underlying indictment is dismissed on the motion of the United States.
____   The mandatory special assessment is included in the portion of Judgment that imposes a fine.
__X__  It is ordered that the defendant shall pay to the United States a special assessment of $300.00 which shall be due immediately.

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

MAY 15, 2006
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.
Date of signature       5-16-06
A TRUE COPY ATTEST
DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **FIVE (5) YEARS ON COUNT ONE; FOURTEEN (14) YEARS ON COUNT TWO; FOURTEEN (14) YEARS ON COUNT THREE. ALL SENTENCES TO RUN CONCURRENTLY.**

__X__ The defendant is remanded to the custody of the United States Marshal.

____ The defendant shall surrender to the United States Marshal for this District.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

____ ____-12:00 noon,_____.
- As notified by the United States Marshal.
- As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

United States Marshal

By: _____

DEFENDANT:   JOHN SURGENT
CASE NUMBER:   CR 04-364(S-1)(-01)(JG)

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS ON EACH OF COUNTS TWO AND THREE; TWO (2) YEARS ON COUNT ONE. ALL TO RUN CONCURRENTLY.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

— The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

**THE DEFENDANT SHALL COMPLY WITH THE ORDER OF FORFEITURE ( A COPY OF WHICH IS ATTACHED TO THE JUDGMENT)
RESTITUTION ORDER TO FOLLOW. JUDGMENT WILL AMENDED AT THAT TIME.**

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    - against -

JOHN SURGENT,

    Defendant.

- - - - - - - - - - - - - - - - X

**PRELIMINARY ORDER
OF FORFEITURE**

CR-04-364 (JG)

WHEREAS, in the forfeiture allegation of the above-captioned Superseding Indictment (the "Indictment"), the United States of America sought forfeiture of certain property of the defendant JOHN SURGENT, pursuant to 18 U.S.C. § 982(a)(1), as property that was "involved in" an offense in violation of 18 U.S.C. § 1956, and/or as substitute property;

WHEREAS, on July 26, 2005, a jury found the defendant guilty of the offenses charged the Indictment, specifically, conspiracy to commit securities fraud, securities fraud and conspiracy to commit money laundering; and

WHEREAS, the Court finds that the property that was involved in the offense charged in Count Three of the Indictment, conspiracy to commit money laundering, has a total value of two million three hundred fifty-four thousand eight hundred dollars and no cents ($2,354,800.00);

WHEREAS, by virtue of the defendant's pending bankruptcy, 02-43341 (Ch. 7) (D.N.J.) (Winfield, B.J.), the Court finds that the elements of 21 U.S.C. § 853(p)(1) have been met.

2

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. The defendant shall forfeit all of his right, title and interest in the sum of two million three hundred fifty-four thousand eight hundred dollars and no cents ($2,354,800.00) in United States currency, and a forfeiture money judgment in that amount shall be entered against him, pursuant to 18 U.S.C. § 982(a)(1).

2. The defendant shall forfeit all of his right, title and interest in the following property (collectively the "Forfeited Assets") up the amount of the money judgment imposed in paragraph 1 herein pursuant to 21 U.S.C. § 853(p)(2):

   a. all right, title, and interest in the real property known as 320 Algonquin Road, Franklin Lakes, New Jersey 07417;

   b. all right, title and interest in shares of common stock, and warrants for the issuance of common stock, in Safeguard Security Holdings, Inc. or any of its predecessor or composite entities, including, but not limited to, IQUE Intellectual Properties;

   c. all right, title and interest in any funds, securities, or other monetary instruments on deposit or credited

3

to or through Garden State Securities, Inc., held in the name of Merrill Funding LLC, account number 12W6-590903400, and all proceeds traceable thereto;

d. all right, title and interest in any funds, securities, or other monetary instruments on deposit or credited to or through Rush Trade Securities, held in the name of Merrill Funding LLC, account number 41016692, and all proceeds traceable thereto;

e. all right, title and interest in any funds, securities, or other monetary instruments on deposit or credited to or through Fleet Bank, held in the name of Merrill Funding LLC, account number 9419964117, and all proceeds traceable thereto.

3. To the extent that the forfeiture of the Forfeited Assets in this Preliminary Order of Forfeiture is not invalided or amended, in whole or in part, for any of the reasons set forth in 21 U.S.C. § 853(n)(6), forfeiture of the Forfeited Assets shall be in partial satisfaction of the money judgment entered against the defendant as set forth in paragraph 1 herein.

4. Upon entry of this Order, the United States Attorney General or designee is authorized to seize the Forfeited Assets, to execute the above-referenced forfeiture judgments against any and all property, real or personal, of the defendants, respectively, to conduct any proper discovery, in

accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States Marshals Service shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct.

6. Any person, other than the Defendant, asserting a legal interest in the Forfeited Assets may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

7. The United States shall have clear title to the Forfeited Assets identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental

5

Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. This Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to Assistant United States Attorney Kathleen A. Nandan, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
         __5-1-06__, 2005

                                    _____
                                    HONORABLE JOHN GLEESON
                                    UNITED STATES DISTRICT JUDGE