SLR:KAN
F.#2005vo1292

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JOHN SURGENT,

        Defendant.

- - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.

★ AUG 2 ★

BROOKLYN OFFICE

STIPULATION AND ORDER
AMENDING EX PARTE
POST-INDICTMENT
POST-CONVICTION
RESTRAINING ORDERS

Criminal Action
No. CR-04-364

(Gleeson, J.)
(Gold, M.J.)

WHEREAS, on July 26, 2005, defendant JOHN SURGENT was convicted by jury of violating, *inter alia*, Title 18, United States Code, Section 1956; and

WHEREAS, the indictment included a criminal forfeiture allegation pursuant to Title 18, United States Code, Section 982, and Title 21, United States Code, Section 853, giving notice of the government's intention to seek a forfeiture money judgment and the forfeiture of substitute assets, including the real property located at 320 Algonquin Road, Franklin Lakes, New Jersey 07417 (the "Franklin Lakes property"), upon the defendant's conviction of an offense in violation of Title 18, United States Code Section 1956; and

WHEREAS, the United States filed a Notice of Pendency against the Franklin Lakes property;

WHEREAS, on or about August 25, 2005 and October 13, 2005, this Court entered an Ex Parte Post-Indictment Post-

Conviction Restraining Order and a Second Ex Parte Post-Indictment Post-Conviction Restraining Order (collectively, the "Restraining Orders"), restraining: (a) the Franklin Lakes Property; (2) shares of common stock, and warrants for the issuance of common stock, in Safeguard Security Holdings, Inc. or any of its predecessor or composite entities, including, but not limited to, IQUE Intellectual Properties, held in the name of John Surgent, Regina Surgent, RH Surgent LLC, Sterling Group Bank Corp., Sterling Group Bancorp., and Merrill Funding LLC; (3) all funds, securities, or other monetary instruments on deposit or credited to or through Garden State Securities, Inc., held in the name of Merrill Funding LLC, account Number 12W6-590903400; (4) all funds, securities, or other monetary instruments on deposit or credited to or through Rush Trade Securities, held in the name of Merrill Funding LLC, account number 41016692; and (5) all funds, securities, or other monetary instruments on deposit or credited to or through Fleet Bank, held in the name of Merrill Funding LLC, account number 9419964117 (collectively, the "Substitute Assets");

WHEREAS, on or about May 3, 2006, this Court entered a Preliminary Order of Forfeiture forfeiting the defendant's interest in a $2,354,800 money judgment and in the Substitute Assets, up to the value of the money judgment; and

WHEREAS, Regina Surgent ("Claimant") has filed a claim pursuant to Title 21, United States Code, Section 853(n) to

3

certain of the Substitute Assets, specifically to the Franklin Lakes property and to 106,000 shares of Safeguard Security Holdings, Inc. registered in the name of Regina Surgent (the "Safeguard shares");

WHEREAS, the time for other third parties to file claims to the Substitute Assets has not yet expired; and

WHEREAS, Bank of America holds a mortgage on the Franklin Lakes property under Account 68821048916999, and said mortgage has an amount past due with accumulated late charges and attorney's fees totaling $19,467.97; and

WHEREAS, PHH Mortgage Corporation also holds a mortgage on the Franklin Lakes property, and said mortgage has an amount past due with accumulated late charges and fees totaling $69,728.22; and

WHEREAS, Claimant desires to sell the Franklin Lakes property; and

WHEREAS, Claimant represents that, without the proceeds of the Franklin Lakes property or the Safeguard shares, she does not have assets sufficient to support her children; and

WHEREAS, Claimant and the government wish to maintain the value of the Substitute Assets pending resolution of Claimant's claim and any other third-party claims that may be filed:

NOW THEREFORE IT IS HEREBY AGREED as follows:

1. The Restraining Orders are amended insofar as

4

approximately $20,000 worth of Safeguard shares are released from the restraint. It is expressly understood that Claimant shall use these Safeguard shares to fund expenses related to the health, education, and well-being of her two minor children. Upon the government's request, Claimant shall provide an accounting to the government as to how the funds obtained pursuant to this paragraph were used.

2. The Restraining Orders are further amended in that additional Safeguard shares, with a market value of approximately $100,000, are released from the restraint. The proceeds from the sale of these shares shall be paid to the Bank of America, Account 68821048916999, and to PHH Mortgage Corporation. These monies are to be applied to the outstanding balances and to the next monthly payments due pursuant to the terms of the mortgages. Upon the government's request, Claimant shall provide an accounting to the government as to how the funds obtained pursuant to this paragraph were used.

3. The government shall remove forthwith the Notice of Pendency from the Franklin Lakes property. Upon such removal, Claimant shall make good faith efforts to market the Franklin Lakes property and locate a purchaser for fair market value.

4. If the claims to the Substitute Assets have not been resolved by the time of the closing on the sale of the Franklin Lakes property:

    (a) At the closing, the attorneys for Claimant will

5

deliver to a duly authorized representative of the United States a check made payable to the "United States Marshals Service" representing the net proceeds of the sale of the Franklin Lakes property, bearing docket number CR-04-364, along with copies of all closing documents.

(b) The "net proceeds" are defined as the gross proceeds from the sale of the Franklin Lakes property less: (a) the amounts owed to Bank of America and PHH Mortgage Corporation, pursuant to their mortgages; and (b) reasonable closing costs and legal fees incurred by virtue of the closing of the instant sale.

(c) At least five (5) business days prior to closing, the attorneys for Claimant shall present to the undersigned counsel for the United States an itemized statement of costs incurred in connection with the closing of the instant sale.

(d) The United States Marshals Service shall deposit said check into an interest-bearing escrow account and shall hold the funds pending further order of this Court.

5. This Stipulation shall not be construed as an admission of wrongdoing, nor shall it serve as a waiver of any defenses or claims that any of the parties may have available to them regarding the forfeitability of the Substitute Assets, including the Safeguard shares or the Franklin Lakes property. This agreement is intended solely: (a) to permit an interlocutory sale of the Franklin Lakes property with the net sale proceeds to remain in the custody of the United States Marshals Service

6

pending the outcome of the within-captioned case; and (b) to provide Claimant with funds sufficient to support her minor children pending resolution of the within-captioned case.

6. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated:   Brooklyn, New York
         July 19, 2006

                        ROSLYNN R. MAUSKOPF
                        UNITED STATES ATTORNEY
                        Eastern District of New York
                        One Pierrepont Plaza, 16th Fl.
                        Brooklyn, New York 11201

             By:   *Kathleen A. Nandan*
                   Kathleen A. Nandan
                   Assistant U.S. Attorney
                   (718) 254-6409

7

Dated:   New York, New York
         July 19, 2006

>                    LAW OFFICES OF STEVEN L. KESSLER
>                    Attorneys for Claimant
>                    The Chanin Building
>                    122 East 42nd Street
>                    New York, New York 10168
>
>            By:     _____
>                    Steven L. Kessler
>                    (212) 661-1500

SO ORDERED this 28th day
of July 2006

s/John Gleeson
_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE